# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

PATRICIA BENJAMIN, court appointed )
guardian of the Estate of RONALD )
WILLIAMS, a Minor, a designated )
beneficiary of the Exxon Mobile )
Saving Plan )
                                   )
         Plaintiff, )
                                   )         CIVIL NO. 2008-0106
         v. )
                                     )
EXXON MOBIL CORPORATION, )
EXXON MOBILE SAVINGS PLAN and )
EXXON MOBIL BENEFITS COMMITTEE,)
                                   )
         Defendants. )
_____ )

## <u>MEMORANDUM OPINION</u>

FINCH, SENIOR JUDGE

         THIS MATTER comes before the Court on Plaintiff Patricia Benjamin's Appeal of the

Magistrate Judge's Order Dated April 6, 2009 (Doc. No. 29) granting Defendants' Motion to

Transfer Venue. The Magistrate Judge transferred this case to the Division of St. Thomas and

St. John.[1] Plaintiff urges the Court to reverse the Magistrate Judge's decision to transfer and

proceed with the case in this Court.

---

[1] The new civil docket number for this case in the division of St. Thomas and St. John is 3:09-cv-00069.
In an Order dated June 2, 2009 (Docket No. 45), this Court stayed the case in the Division of St. Thomas
and St. John pending the Court's ruling on Plaintiff's Appeal of the transfer.

## I.  FACTUAL BACKROUND

This matter is one of three separate lawsuits filed by Plaintiff as guardian of the Estate of Ronald Williams (a minor), against various Exxon Mobil Corporation entities.[2]  All three of the lawsuits seek benefits arising from the death of the minor Ronald Williams' father, Fitzroy Williams.  Plaintiff seeks to recover benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964(c).  Plaintiff seeks recovery under ERISA of the alleged balance of an employee funded thrift savings plan in which the decedent, Fitzroy Williams, was a participant.  Additionally, Plaintiff alleges that Defendants are in violation of federal law and seeks treble damages under RICO.

Fitzroy Williams became employed with Esso Virgin Islands, Inc. in May 1988. Complaint, ¶ 11.  On July 1, 1989, Williams became a participant in the Exxon Mobil Thrift Plan, a company thrift savings plan that was self-funded through payroll deductions.  Id. at ¶¶ 14, 15.  On June 19, 1992 and May 23, 1994, Williams borrowed $2,300.00 and $4,500.00 from his thrift savings plan and pledged, as a security interest, the balance of his thrift account.  Id. at ¶ 16.  Williams was killed in a plane crash in September of 1994.  Id.  In October of 1994, Williams' employment was terminated.  Id. at ¶ 17.

---

[2] The first complaint is titled *Patricia Benjamin, as guardian of the Estate of Ronald Williams (a minor) v. AIG Insurance Company of Puerto Rico, Esso Virgin Islands, Inc.*, Civ. No. 82/2004, which was originally filed in 2004 in the Territorial Court of the Virgin Islands, Division of St. Thomas & St. John. That case, which involves a claim for life insurance proceeds under a company sponsored employee group life insurance plan, has since been removed to the District Court of the Virgin Islands, Division of St. Thomas & St. John, Civ. No. 08/00074, where it remains pending. The second complaint is titled *Patricia Benjamin, as guardian of the Estate of Ronald Williams (a minor) v. Esso Standard Oil Co, P.R. Medical Insurance AIG Life Insurance Co., MCS, and Esso Standard Oil Company (Puerto Rico)*, Civ. No. 08/00101. This complaint, seeking damages related to ERISA and the Defendants' alleged failure to provide benefits under a company sponsored employee group medical plan, was filed on December 2, 2008 in the District Court of the Virgin Islands, Division of St. Croix. The instant matter, which was also filed on December 2, 2008, is Plaintiff's third complaint.

Plaintiff alleges that in 1995, after Williams death, the Defendants determined that he was delinquent in his loan obligations and deducted the amounts owed from the deceased's savings plan account. Plaintiff alleges that Defendants then sent out notice of this transaction to the participant's last known mailing address. Id. at ¶¶ 18-19. The participant's last known mailing address is also Plaintiff's address. Id. at ¶ 19. Plaintiff alleges that Defendants acted incorrectly when it deducted the delinquent loans because they were covered by "credit life insurance," which protected the savings plan in the event a participant died while a loan was outstanding. Id. at ¶ 16. Plaintiff alleges that this act of deducting the value of delinquent loans from the balance of the participant's thrift savings plan account when the loans were purportedly covered by insurance constitutes "false and fraudulent misrepresentations regarding the value of the plan account." Id. at ¶ 63. Plaintiff alleges that the act of mailing this allegedly false material to the participant's last known address via the U.S. Postal Service constitutes "mail fraud" in violation of 18 U.S.C. §1341 and §1343. Id. at ¶¶ 58-59, 62-64.

On December 2, 2008, Plaintiff filed this lawsuit in the District Court of the Virgin Islands, Division of St. Croix. On April 6, 2009, the Magistrate Judge granted Defendants' Motion to Transfer this case to the District Court of the Virgin Islands, Division of St. Thomas and St. John. See Magistrate's Order Granting Defendants' Motion to Transfer Venue (Docket No. 29). In granting Defendants' Motion to Transfer, the Magistrate Judge explained that "Defendants have demonstrated that the issues involve claims to benefits of the minor's deceased father as a result of his employment in St. Thomas and that most of the operative witnesses reside in St. Thomas…. on balance, convenience to the parties and witnesses weighs overwhelmingly in favor of transfer to the Division of St. Thomas and St. John." Id. at 5.

3

Plaintiff now appeals the Magistrate's Order transferring the case to the Division of St. Thomas and St. John. Defendants assert that transfer is proper based upon the following alleged facts: 1) Ronald Williams as well as his named guardian and mother reside in St. Thomas; 2) the matter essentially involves the employment of Fitzroy Williams, the minor's deceased father, whose employment was located in St. Thomas; 3) all the benefits claimed arise from agreements or activities that occurred in St. Thomas or outside of St. Croix and are related to Fitzroy Williams' work in St. Thomas; 4) all of Defendants are located in St. Thomas or outside of the Virgin Islands; 5) all witnesses reside in St. Thomas or outside the Virgin Islands; and 6) all events relating to the claims occurred in St. Thomas or outside the Virgin Islands.

## II. STANDARD OF REVIEW

Magistrate Judges are allowed to issue rulings on non-dispositive pretrial matters. Fed. R. Civ. P. 72(a). A motion to transfer venue is not a dispositive motion. Brown v. Kia Motors Corp., 2007 WL 539652 at *1 n.1 (W.D. Pa. Feb. 15, 2007). Therefore, it is not subject to de novo review, but is reviewed instead under a "clear error" or "contrary to law" standard. See Kendricks v. Hertz Corp., 2006 WL 3404566 at *1 (D.V.I. Oct. 30, 2006). When a party appeals a magistrate's ruling, this Court can modify or set aside any portion of that ruling it finds it to be "clearly erroneous or contrary to law." Id. A ruling is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Marks v. Struble, 347 F.Supp.2d 136, 149 (D.N.J. 2004). In addition, a Magistrate Judge's ruling is contrary to law if "the Magistrate Judge misinterpreted or misapplied the applicable law." Id.; see also Jochims v. Isuzu Motors, Ltd., 151 F.R.D. 338, 340 (S.D. Iowa 1993) (Requirement of rule, that district court set aside or modify any portion of magistrate judge's order found to be "clearly erroneous," applies only to

factual findings; conclusions of law are reviewed under more lenient "contrary to law" standard). The Magistrate Judge's decisions are accorded wide discretion. <u>National Labor Relations Board v Frazier</u>, 966 F.2d 812, 817 (3d Cir. 1992).

## III.   TRANSFER OF VENUE CONSIDERATIONS

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of section 1404(a) "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 616 (1964) (quoting <u>Continental Grain Co. v. Barge FBL-585</u>, 364 U.S. 19, 26-27 (1960)); <u>see</u> <u>American Tel. & Tel. v. MCI Communications Corp.</u>, 736 F. Supp. 1294, 1305 (D.N.J. 1990). The analysis under section 1404 is flexible and must be made on the unique facts of each case. <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29-30 (1988); <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 249-50 (1981); <u>Van Dusen</u>, 376 U.S. at 624. A determination that transfer to another jurisdiction is appropriate represents an "exercise of structured discretion by trial judges appraising the practical inconvenience posed to the litigants and to the court should a particular action be litigated in one forum rather than another." <u>Ricoh Company, Ltd. v. Honeywell, Inc.</u>, 817 F. Supp. 473, 479 (D.N.J. 1993) (citing <u>Lony v. E.I. Du Pont de Nemours & Co.</u>, 886 F.2d 628, 632 (3d Cir. 1989)).

The Third Circuit in <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873 (3d Cir. 1995) listed factors to consider when deciding whether or not to transfer venue. These factors include six private interest factors interpreting the "convenience" language of § 1404(a) and six public interest factors interpreting the "interests of justice" language. <u>Costello v. Novartis</u>

Pharmaceuticals Corp., 2006 WL 1479800 at *1 (E.D. Pa. May 25, 2006); see Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947); Lony v. E.I. Du Pont de Nemours & Co., 935 F.2d 604, 609 (3d Cir. 1991).

The private interest factors are: (1) "plaintiff's forum preference as manifested in the original choice;" (2) "the defendant's preference;" (3) "whether the claim arose elsewhere;" (4) "the convenience of the parties as indicated by their relative physical and financial condition," (5) "the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora;"and (6) "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." Jumara, 55 F.3d at 879; see Sandvik, Inc. v. Continental Ins. Co., 724 F. Supp. 303, 306 (D.N.J. 1989); Derry Finance N.V. v. Christiana Cos., 555 F. Supp. 1043, 1045 (D. Del. 1983).

The public interest factors are: (1) "the enforceability of the judgment," (2) practical considerations regarding the ease, speed, or expense of trial, (3) the administrative difficulty due to court congestion, (4) the local interest in deciding local controversies in the home forum, (5) the public policies of the two fora, and (6) the trial judge's familiarity with the applicable state law in diversity cases. See Gulf Oil Corp., 330 U.S. at 508-09; Ricoh, 817 F. Supp. at 479; see also Jumara, 55 F.3d at 879-80 (finding that court may consider additional public interest factors such as enforceability of judgment, administrative difficulty due to court congestion and public policies of the two fora). The court must balance all of the relevant factors and determine whether a transfer of venue would best serve all the aforementioned interests. Id. at 883.

The decision whether to transfer an action rests in the sound discretion of the trial court in "appraising the practical inconvenience posed to the litigants and to the court should a particular action be litigated in one forum or another." Fortay v. University of Miami, 1994 U.S. Dist.

6

LEXIS 1865 at *26 (D.N.J. Feb. 17, 1994) (citing Lony, 886 F.2d at 632). The court must balance all of the relevant factors and determine whether a transfer of venue would best serve all the private and public interests. See Lony, 886 F.2d at 632. "The burden is on the moving party to establish that a balancing of proper interests weigh in favor of the transfer, and unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) (citations and quotations omitted); see In re Charles Schwab & Co. Sec. Litig., 69 F. Supp. 2d 734, 735 (D.V.I. 1999).

## IV.   PRIVATE INTEREST FACTORS

The primary private interest factors in this action are a) the parties' preferences, b) where the events giving rise to the claim arose, and c) the convenience of the witnesses. The Court will address each factor in turn.

### A. The Parties' Preferences

Plaintiff argues that the Magistrate Judge's Order granting Defendant's Motion to Transfer this case failed to recognize that the primary concern in balancing the factors for a transfer is that a Plaintiff's choice of forum is paramount and should rarely be disturbed. See Pl's Appeal of Magistrate's Order dated April 6, 2009 at 10 (Docket No. 34). Considering factors of private interest in determining the equities of a motion to transfer, the Court acknowledges that a plaintiff's choice of forum is generally given deference. See Shutte, 431 F.2d at 25 ("It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request...."). Because Plaintiff's choice of forum "should not be lightly disturbed," the Court finds that this factor weighs against transfer.

However, Plaintiff's preference alone is not controlling.  See Jurgelis v. Southern Motors Express, Inc., 169 F. Supp. 345, 346 (E.D. Pa. 1959).  A plaintiff's choice of forum is "neither dispositive of the transfer analysis nor is it the only factor to be considered." AT&T v. MCI Communications Corp., 736 F. Supp. 1294, 1306 (D.N.J. 1990).  "The preference for honoring a plaintiff's choice of forum is simply that, a preference; it is not a right."  E.I. Du Pont de Nemours, 522 F. Supp. at 592; see Cameli v. WNEP-16 The News Station, 134 F. Supp. 2d 403, 405 (E.D. Pa. 2001); Gaskins v. Nat'l Railroad Passenger Corp., 2001 WL 322518 at *1 (E.D. Pa. Feb. 21, 2001); Fidelity Leasing, Inc. v. Metavec Corp., 1999 WL 269933 at *2 (E.D. Pa. April 29, 1999); Edwards v. Texaco, Inc., 702 F. Supp. 101, 103 (E.D. Pa. 1988); Kogok v. Fields, 448 F. Supp. 197, 201 (E.D. Pa. 1978); see also Jacobs v. Cedar Mill Farms, 1999 U.S. Dist. LEXIS 21296 at *7 (D.N.J. Oct. 25, 1999) (citing National Property Investors VIII v. Shell Oil Co., 917 F. Supp. 324, 327 (D.N.J. 1995)) (holding that plaintiff's choice of forum should be afforded less weight when "central facts of the action occurred outside the chosen forum"); Fortay, 1994 U.S. Dist. LEXIS 1865 at *28 (citing Ricoh Co., 817 F. Supp. at 481) ("plaintiff's choice of forum is accorded no special consideration when the nucleus of operative facts is outside the forum state").  The Court must balance Plaintiff's choice of forum against competing interests in this case.

### B.  Where the Events Giving Rise to the Claim Arose

"As a general rule, the preferred forum is that which is the center of the accused activity." S.C. Johnson & Son, Inc. v. Gillette Co., 571 F. Supp. 1185, 1187-88 (Ill. 1983); see also Lamano v Black, 285 F. Supp. 2d 637, 644 (E.D. Pa. 2003) (quoting Rowles v. Hammermill Paper Co., Inc., 689 F. Supp. 494, 496 (E.D. Pa. 1988)) ("[P]laintiff's choice of forum merits less deference when none of the conduct complained of occurred in plaintiff's selected forum").

8

Plaintiff's case is based on the employment of Fitzroy Williams, the minor's deceased father, whose employment was located in St. Thomas.  Additionally, all of the benefits claimed arise from agreements or activities that occurred in St. Thomas or outside of St. Croix, relating to Williams' work in St. Thomas.  None of the key events or omissions underlying Plaintiff's claims occurred in the forum selected.  Because all of the events relating to Plaintiff's claims occurred in St. Thomas or outside the Virgin Islands, this factor favors transfer.

### C.  Convenience of the Witnesses

The "convenience to witnesses weighs heavily in making a decision regarding a motion to transfer venue." Gonzalez v. Electronic Control Sys., 1993 U.S. Dist. LEXIS 12973 at *10 (E.D. Pa. Sept. 16, 1993); see also Fortay, 1994 U.S. Dist. LEXIS 1865 at *32 (quoting Hernandez v. Graebel Lines, 761 F. Supp. 983, 988 (E.D.N.Y. 1991) ("The convenience of both party and non-party witnesses is probably considered the single most important factor in the analysis of whether a transfer should be granted").

Defendant urges this Court to consider that none of the key witnesses in this case can be found in St. Croix.  The operative witnesses are Plaintiff (the guardian of the minor's estate), Doldria Benjamin (the minor's mother), Daniel Williams (the deceased's father), Jadine Allen (former employee of Esso V.I., Inc.), Yorick Cox (former manager of Esso V.I., Inc.), and Richard Lee (former manager of Esso V.I., Inc.). See Depo. of Richard Lee dated January 26, 2007, 65:13-23; Amended Complaint in *Patricia Benjamin, as guardian of the Estate of Ronald Williams (a minor) v. AIG Insurance Company of Puerto Rico, Esso Virgin Islands, Inc*, Civ. No. 82/2004, ¶ 3.  All of these witnesses are either located in St. Thomas or elsewhere.  Additionally, the minor child, Ronald Williams, is allegedly a resident of St. Thomas where he resides with his mother, Doldria Benjamin. See Depo. of Richard Lee, 70:1-14; Depo. of Doldria Benjamin 6:4-

18, 8:11-22. Doldria Benjamin is apparently an important witness to these related matters.[3] The deceased's father, Daniel Williams, is a St. Thomas resident and also appears to be an important witness.[4] Based on the parties' submissions, the Court finds that the witness convenience factors here favor adjudication in St. Thomas rather than St. Croix.


## V.   PUBLIC INTEREST FACTORS

Of the public interest factors listed in Jumara, the only factor that concerns the Court in this action is the relationship of the courts and jurors to the case. See Gulf Oil Corp., 330 U.S. at 508-09; see also Lacey v. Cessna Aircraft Co., 862 F.2d 38, 48 (3d Cir. 1988) (quoting Van Cauwenberghe v. Biard, 486 U.S. 517, 529 (1988)) ("In evaluating the public interest factors the district court must consider the locus of the alleged culpable conduct....and the connection of the conduct to plaintiff's chosen forum"). This public interest factor considers the local interests in adjudicating localized controversies and the unfairness of burdening citizens in an unrelated forum with jury duty. Gulf Oil, 330 U.S. at 509. The Court must be aware of the local interests implicated by this lawsuit in the respective forums or, more specifically, in the communities in which they sit. Ricoh, 817 F. Supp. at 486; see Klauder & Nunno Enterprises, Inc. v. Hereford Assocs., Inc., 723 F. Supp. 336, 351 (E.D. Pa. 1989); see also Fortay, 1994 U.S. Dist. LEXIS

---

[3] "On or about January 15, 1995, Doldria Benjamin, the Plan's designated guardian of the minor beneficiary, sent a written request to the Human Resources Manager for Esso Virgin Islands, Inc., the agent for the plan administrator..." Pl.'s Complaint, ¶ 35; see Affidavit of Doldria Benjamin dated December 23, 2008 (filed in support of Plaintiff's motion for summary judgment in *Patricia Benjamin, as guardian of the Estate of Ronald Williams (a minor) v. Esso Standard Oil Co, P.R. Medical Insurance AIG Life Insurance Co., MCS, and Esso Standard Oil Company (Puerto Rico)* Civ. No. 08/0010).

[4] "On or about September 26, 1994, and several times thereafter, Daniel Williams, the deceased policy holder's father, gave defendant ESSO VI due notice and proof of death...Upon presenting said reports, the deceased's father demanded that claim forms be given so that the beneficiary could receive payment under the policy. Defendant ESSO VI refused to provide claim forms or a copy of the insurance policy stating that nothing could be provided until seven (7) years had expired..." Amended Complaint in *Patricia Benjamin, as guardian of the Estate of Ronald Williams (a minor) v. AIG Insurance Company of Puerto Rico, Esso Virgin Islands, Inc*, Civ. No. 82/2004, ¶ 12.

10

1865 at *42 (quoting Ferens v. John Deere Co., 494 U.S. 516, 529-30 (1990)) (finding that burden of jury duty should not be "imposed upon the people of a community which has no relation to the litigation"); Pain v. United Technologies Corp., 637 F.2d 775, 792 (D.C. Cir. 1980) (finding that jury duty should not be imposed, nor local dockets clogged by, cases with little relation to forum).

In considering the relationship of the respective communities to which the jurors are required to serve to the occurrences that give rise to the instant litigation, the Court finds that the residents of St. Thomas have a larger stake in the just and fair resolution of this case. The decedent was employed there and became a participant in the company sponsored employee group savings plan there. Additionally, it is the residence of many key witnesses in this case. Consequently, St. Thomas has a strong public interest in adjudicating this dispute. See Lacey, 862 F.2d at 48; Mediterranean Golf, Inc. v. Hirsh, 783 F. Supp. 835, 849-50 (D.N.J. 1991). It does not appear that any comparable public interest exists in resolving this matter in St. Croix. St. Croix jurors should not be burdened with adjudicating a matter concerning conduct which was largely localized in St. Thomas. See Ricoh, 817 F. Supp. at 487. Accordingly, the Court finds that the residents of St. Thomas have a more significant interest in resolving this matter and should shoulder the responsibility of jury duty.[5]

## VI.   CONCLUSION

Defendants have demonstrated that the issues in this case involve claims to benefits of the minor's deceased father as a result of his employment in St. Thomas and that most of the operative witnesses reside in St. Thomas. As pointed out by the Magistrate Judge in his Order transferring the case, the facts of the matter at bar are similar to the facts presented in Bostic v.

---

[5] Additionally, the Court notes that practical considerations regarding the ease, speed or expense of trial weigh in favor of transfer to St. Thomas.

AT&T of the Virgin Islands, 2000 U.S. Dist. LEXIS 22768 (February 2, 2000). In Bostic, the court found that "[t]his matter essentially involves Plaintiff's employment in St. Thomas" and that a "single St. Croix incident is de minimus in the overall consideration" and "Plaintiff's ties to St. Croix and the damage witnesses who may reside here are substantially less compelling than the inconvenience that AT&T would suffer if this matter proceeded in St. Croix." Id. at *3-4. The Court concluded "that AT&T has established that the balance of inconvenience weighs in favor of the requested transfer." Id. at *4.

The Court finds that the factors that weigh in favor of transfer include: (1) none of the alleged acts giving rise to Plaintiff's claims arose in St. Croix, (2) the primary witnesses reside in St. Thomas or elsewhere and (3) the residents of St. Thomas have a stronger public interest in resolving this case. The only factor weighing against transfer is Plaintiff's preference to litigate in St. Croix. Although the Court acknowledges that a large measure of deference is due to Plaintiff's freedom to select her own forum, this factor has minimal value where none of the alleged acts giving rise to her claims occurred in the forum selected and the forum has little connection with the matter in controversy. See AT&T, 736 F. Supp. at 1306; E.I. Du Pont de Nemours, 522 F. Supp. at 592; Cedar Mill Farms, 1999 U.S. Dist. LEXIS 21296 at *7; Shell Oil Co., 917 F. Supp. at 327; Fortay, 1994 U.S. Dist. LEXIS 1865 at *28; Ricoh Co., 817 F. Supp. at 481; Waller v. Burlington N.R.R., 650 F. Supp. 988 (N.D. Ill. 1987); Levitt v. Maryland Deposit Ins. Fund, 643 F. Supp. 1485 (E.D.N.Y. 1986); Krupp International, Inc. v. Yarn Industries, Inc., 615 F. Supp. 1103 (D. Del. 1985); see also United States ex rel. Thomas v. Siemens AG, 2009 U.S. Dist. LEXIS 49984 at *4 (D.V.I. June 12, 2009) ("[P]laintiff's choice of forum merits less deference when none of the conduct complained of occurred in plaintiff's selected forum or where plaintiff does not reside in that forum") (internal quotations omitted); Bostic, 2000 U.S.

Dist. LEXIS 22768 at *3 ("Although Plaintiffs' choice of forum is a paramount consideration, that choice is entitled to less deference where the operative facts did not occur within that forum"); Paragon-Revolute Corp. v. C. F. Pease Co., 120 F. Supp. 488 , 490 (D.C. Del. 1954) ("Disturbing [the] plaintiffs' choice of forum is no longer a rarity because of § 1404(a)").

In this case, there is no controverted question of liability which depends on any event occurring in St. Croix. In fact, both parties must rely upon evidence of events entirely removed from St. Croix. Given the foregoing considerations, the Court finds that the relevant factors favor litigating this action in St. Thomas and Defendant has provided sufficient evidence to warrant a transfer of venue in this case. St. Thomas represents a forum better suited to expeditiously and effectively adjudicate Plaintiff's claims against Defendants. Therefore, the Court finds that the Magistrate Judge's decision to transfer this matter to St. Thomas was not clearly erroneous or contrary to law. Accordingly, the Plaintiff's Appeal of the Magistrate Judge's Order Dated April 6, 2009 granting Defendants' Motion to Transfer this case to the Division of St. Thomas and St. John is denied.

ENTERED this / day of June, 2009.

_____
HONORABLE RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE